IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| DAVID SYDNEY, et al. | * | |
| *Plaintiffs*, | * | |
| v. | * | Case No.<br>(Removed from Circuit Court |
| CEDAR REALTY TRUST, INC., et al. | * | for Montgomery County,<br>No. C-15-cv-22-001527) |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>NOTICE OF REMOVAL</u>**

Defendants, Wheeler Real Estate Investment Trust, Inc. ("Wheeler"), Cedar Realty Trust, Inc. ("Cedar"), Cedar Realty Trust Partnership, L.P. ("Cedar Partnership"), and Bruce J. Schanzer, Gregg A. Gonsalves, Abe Eisenstat, Steven G. Rogers, Sabrina Kanner, Darcy D. Morris, Richard H. Ross, and Sharon Stern (collectively the "Cedar Board") (together, Cedar, Cedar Partnership, and the Cedar Board are the "Cedar Defendants"), by and through their undersigned counsel provide Notice pursuant to 28 U.S.C. §§ 1441 and 1446 of their removal of the putative class action styled *David Sydney, et al. v. Cedar Realty Trust, Inc., et al.,* Case No. C-15-cv-22-001527 (the "State Court Action") from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1332(d) (the "Class Action Fairness Act" or "CAFA"). As grounds for removal, Defendants state as follows:

**I.     State Court Filings.**

1.     On April 12, 2022, Plaintiffs, David Sydney, SWC Phoenix Fund I, L.P., Martin Novik, J Renee Brennan Living Trust, Scott Schroepfer, Kenneth Kamholz, Joe Speiser, and Elbert Capital I LLC, on behalf of themselves and others similarly situated, filed a putative Class

Action Complaint in the State Court Action. A copy of the Complaint is attached to this Notice as **Exhibit 3**.

2. Plaintiffs filed an Amended Class Action Complaint on May 6, 2022. A copy of the Amended Complaint is attached to this Notice as **Exhibit 116**.

3. As amended, Plaintiffs' Complaint asserts claims for breach of contract against the Cedar Defendants (Counts I and III), breach of fiduciary duty against the Cedar Board (Count V), and tortious interference with contract and aiding and abetting breach of fiduciary duty against Wheeler (Counts II, IV, and VII) in connection with a proposed series of transactions pursuant to which Cedar intends to sell a portfolio of properties and, thereafter, merge with Wheeler. Plaintiffs assert that the proposed transactions violate (1) their contractual right to a liquidation preference or a purported conversion right and (2) the standard of conduct owed by directors of a Maryland corporation. Plaintiffs seek preliminary relief enjoining the distribution of the proceeds of the transactions and the Wheeler merger, and an award of compensatory damages.

4. The purported class is defined as Plaintiffs and "all other holders of Cedar's Series B and C Preferred Stock," but excluding Defendants and any other person or entity related to or affiliated with Defendants and their successors in interest. (Am. Compl. ¶ 68).

**II.   Removal Under the Class Action Fairness Act.**

5. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. Congress passed CAFA with the intent to expand federal jurisdiction over class actions. *See* S. Rep. No. 109-14 (2005) at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, **41 (the Act "is intended to expand substantially federal court jurisdiction over class actions"); *see also Evans v. Walter Industries, Ins.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction.").

6. A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs filed this action as a purported class action pursuant to Maryland Rule 2-231. (Am. Compl. ¶ 68).

7. CAFA expressly provides that class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. "Where the foregoing three criteria (i.e., numerosity, amount in controversy, and minimal diversity) are satisfied, a defendant sued in a class action in state court is presumptively entitled to remove the proceedings to federal court." *Dominion Energy, Inc. v. City of Warren Police and Fire Retirement Sys.*, 928 F.3d 325, 330 (2019) (citing 28 U.S.C. § 1453(b)). Each of these requirements is satisfied here.

Numerosity: Under CAFA, the putative class must contain at least one hundred putative class members. *See* 28 U.S.C. § 1332(d)(5). Here, there are more than 6.5 million shares of Cedar's Series B and C Preferred Stock outstanding, which plaintiffs allege in their amended complaint are "held by hundreds or thousands of individuals and entities scattered throughout the United States and elsewhere" (Am. Compl. ¶ 70), an allegation that Defendants do not dispute.

8. Minimal Diversity: Under CAFA, diversity of citizenship exists between the parties so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). According to the allegations in the Complaint, Plaintiff David

3

Sydney is a citizen of California, Plaintiff Scott Schroepfer is a citizen of Minnesota, and Plaintiff Kenneth Kamholz is a citizen of New Jersey. (Am. Compl. ¶¶ 20, 24, 25). By contrast, Defendant Cedar is a citizen of Maryland and New York and Defendant Wheeler is a citizen of Delaware and Virginia. (Am. Compl. ¶¶ 36, 39).

9. <u>Amount in Controversy</u>:  Under CAFA, the claims of individual class members are aggregated to determine if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). "[T]he test" to determine the amount in controversy is "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir.2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)). As set forth below, the relief sought places an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

10. According to the Amended Complaint, Plaintiffs seek, *inter alia*, a declaration that Series B and C Preferred stockholders are entitled to a liquidation preference of $25.00 per share of preferred stock, and as of April 1, 2022 there were 1,450,000 and 5,000,000 shares, respectively, of Series B and C Preferred Stock issued and outstanding. (Am. Compl. ¶¶ 5, 70, p.84). Based on these allegations and Plaintiffs' definition of the proposed class, the amount in controversy is at least $161,250,000, excluding interest and costs.

11. By establishing the statutory basis for removal under CAFA, Defendants do not in any way concede the allegations against them, the appropriateness of the proposed class definition, or the propriety of this action proceeding as a class action.  Further, Defendants' statement that the

4

matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiffs is available for the claims plead or that Plaintiffs or the putative class are entitled to any relief.

### III. Procedural Requirements and Local Rules.

12. <u>Removal to this Court is proper</u>. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, which is the federal district court embracing the Circuit Court for Montgomery County, Maryland, where the State Court Action was initially filed.

13. <u>Removal is Timely</u>. The original Complaint was filed on April 12, 2022 and served on all Defendants on May 2, 2022. This Notice of Removal is being filed with the United States District Court for the District of Maryland on May 11, 2022, within thirty days after receipt by Defendants of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

14. <u>Joinder of All Defendants</u>. All Defendants join in and consent to this Notice of Removal. *See* 28 U.S.C. 1446(b)(2)(A).

15. <u>Pleadings and Process</u>. Contemporaneously filed herewith are copies of all process, pleadings, documents, and orders received by Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a); Local Rule 103(5)(a). (**Exhibits 1 through 162**).

16. <u>State Court Notice</u>. attached hereto as **Exhibit 163** is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Defendants will file with the Clerk of the Circuit Court for Montgomery County, Maryland and will promptly serve upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

17. <u>Signature</u>: This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, and all jurisdictional requirements established by 28 U.S.C. § 1332(d), Defendants respectfully serve notice that the above-referenced civil action now pending in the Circuit Court for Montgomery County is removed therefrom to the United States District Court for the District of Maryland.

Respectfully submitted,

| | |
|---|---|
| /s/ *William M. Krulak, Jr.* | /s/ *Jerrold A. Thrope* |
| William M. Krulak, Jr. (Fed. Bar No. 26452) | Jerrold A. Thrope (Fed. Bar No. 01376) |
| Megan J. McGinnis (Fed. Bar No. 12810) | Gordon Feinblatt LLC |
| Miles & Stockbridge P.C. | 1001 Fleet Street, Suite 700 |
| 100 Light Street | Baltimore, Maryland 21202 |
| Baltimore, Maryland 21202 | jthrope@gfrlaw.com |
| T/F: 410-385-3727 | (410) 576-4295 (Phone/Fax) |
| wkrulak@milesstockbridge.com | |
| mmcginnis@milesstockbridge.com | *Counsel for Defendant Wheeler Real Estate Trust, Inc.* |

Joshua R. Chazen (Fed. Bar No. 06837)
Miles & Stockbridge P.C.
11 North Washington Street
Rockville, Maryland 20850
T/F: 202-465-8388
jchazen@milesstockbridge.com

*Counsel for Defendants Cedar Realty Trust, Inc., Cedar Realty Trust Partnership, L.P., Bruce J. Schanzer, Gregg A. Gonsalves, Abe Eisenstat, Steven G. Rogers, Sabrina Kanner, Darcy D. Morris, Richard H. Ross, and Sharon Stern*

## Certificate of Service

I hereby certify that on this 11th day of May, 2022 a copy of the foregoing Notice of Removal was electronically filed through the Court's CM/ECF system and copies were served by electronic mail and first class mail, postage prepaid, on:

Donald J. Enright
Brian Stewart
LEVI & KORSINSKY
1101 30th Street, NW, Suite 115
Washington, DC 20007
denright@zlk.com

                                            /s/ *William M. Krulak, Jr.*
                                            William M. Krulak, Jr. (Fed. Bar No. 26452)

117709\000001\4857-6608-7199.v1