IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID SYDNEY, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CEDAR REALTY TRUST, INC., et. al.,<br><br>*Defendants*. | Case No.: 8:22cv1142-GLR |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Upon review of Plaintiffs' Emergency Motion for a Temporary Restraining Order ("Motion") on notice to Defendants, any opposition thereto, and the arguments of counsel, this Court finds that Plaintiffs have met the requirements for a temporary restraining order ("TRO") under Rule 65(b) of the Federal Rules of Civil Procedure pending a determination on Plaintiffs' motion for a preliminary injunction (Dkt. No. 1-120-151) ("PI Motion") by a preponderance of the evidence, namely: (i) Plaintiffs and other preferred stockholders of Cedar Realty Trust, Inc ("Cedar") will suffer irreparable harm because if a TRO is not entered and Defendants distribute the proceeds ("Proceeds") of the transactions more fully described in the PI Motion to Cedar common stockholders, and Plaintiffs ultimately prevail on the merits, Plaintiffs will need to commence thousands of lawsuits across the country to "claw back" the wrongfully distributed funds from Cedar common stockholders; (ii) Plaintiffs have a likelihood of success on the merits on their breach of contract and breach of fiduciary claims (as more fully described in the PI Motion); (iii) the equities weigh decidedly in favor of granting the TRO because, as noted, if the Court declines to enter the TRO, and Plaintiffs ultimately prevail on the merits, Plaintiffs will need to commence thousands of lawsuits across the country to "claw back" the wrongfully distributed

1

funds from Cedar common stockholders, whereas if the Court enters the TRO, and Defendants prevail on the merits, the escrowed Proceeds can immediately be distributed in full to Cedar common stockholders; and (iv) the public interest favors the entry of a TRO because resolving the merits of the Plaintiffs' claims in a single class action lawsuit rather than in thousands of lawsuits across the country will conserve judicial resources.

IT IS HEREBY ORDERED on this hour _____ of this day \_\_\_\_\_ of May, 2022, that Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

AND IT IS FURTHER ORDERED that pending a determination of Plaintiffs' motion for a preliminary injunction, the Court hereby: (i) enjoins distribution to Cedar common stockholders of any of the Proceeds from (a) Cedar's proposed merger with Wheeler Real Estate Investment Trust, Inc. ("Proposed Wheeler Merger") and (b) any sale of Cedar's properties to DRA Fund X-B LLC, KPR Centers LLC, or any other purchaser ("Cedar Asset Sale"); (ii) enjoins consummation of the Proposed Wheeler Merger; (iii) imposes a constructive trust on all of the Proceeds from the Cedar Asset Sale and Proposed Wheeler Merger in favor of Plaintiffs and other Cedar preferred stockholders; and (iv) directs that all of the Proceeds from the Cedar Asset Sale and Proposed Wheeler Merger be deposited into the Court's registry to be held in escrow;

AND IT IS FURTHER ORDERED that the Court exercises its discretion to waive the requirement for Plaintiffs to post security under Rule 65(c) of the Federal Rules of Civil Procedure since there is no likelihood of harm to Defendants insofar as any Proceeds will be held in escrow in the Court's registry pending a determination on the PI Motion. *See Coreas v. Bounds,* 457 F. Supp. 3d 460, 464 (D. Md. 2020) (court may waiver security requirement).

**SO ORDERED**

This \_\_\_\_\_ day of May, 2022.

 

_____
The Honorable George Levi Russell III
United States District Judge