UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 9, 2022

MEMORANDUM TO COUNSEL RE:   David Sydney, et al. v. Cedar Realty Trust, Inc., et al.
Civil Action No. GLR-22-1142

Dear Counsel:

Yesterday the Court convened a teleconference to discuss Plaintiffs' Renewed Motion to Expedite Discovery ("Motion to Expedite") (ECF No. 32). This memorandum memorializes the agreements reached and decisions made during the call.

The Motion to Expedite seeks the following categories of documents:

> (i) the Company Disclosure Schedule (as defined in the Wheeler Merger Agreement); (ii) the Commitment Letter (as defined in the Wheeler Merger Agreement); (iii) due diligence materials provided to bidders via the online data room referenced in the Definitive Proxy Statement on Schedule 14A filed by Cedar on April 21, 2022 (the "Proxy"); (iv) materials sufficient to ascertain how Defendants are treating the Proposed Transactions for tax purposes; and (v) minutes of all board and committee meetings in which the transaction which form the subject matter of this litigation were discussed or considered (the "Requested Documents").

(Mem. Law Supp. Pls.' Renewed Mot. Expedited Discovery ["Mot. Expedite"] at 1, ECF No. 32). Defendants filed two Oppositions to the Motion to Expedite, one by Defendant Wheeler Real Estate Investment Trust, Inc. ("Wheeler") (ECF No. 35), and the other by the "Cedar Defendants," a group comprising Cedar Realty Trust, Inc. ("Cedar"), Cedar Realty Partnership, L.P. ("Cedar Partnership"), and the individual defendants, all of whom are directors of Cedar (the "Board") (ECF No. 36). Plaintiffs filed an omnibus Reply (ECF No. 42).

"Courts in this District have adopted a reasonableness standard in reviewing expedited discovery requests, determining whether the request is supported by good cause considering the totality of the circumstances." Blades of Green, Inc. v. Go Green Lawn & Pest, LLC, No. SAG-22-176, 2022 WL 326473, at *10 (D.Md. Feb. 3, 2022). Courts look to five reasonableness factors to determine whether good cause exists for expedited discovery: "(1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made." Napco,

Inc. v. Landmark Tech. A, LLC, 555 F.Supp.3d 189, 225 (M.D.N.C. 2021).

In consideration of the five Napco factors, and for the reasons discussed on the record, the Motion to Expedite will be GRANTED IN PART and DENIED IN PART. Specifically, the Motion will be GRANTED as to the first category of Requested Documents, the Company Disclosure Schedule (as defined in the Wheeler Merger Agreement); the second category of Requested Documents, the Commitment Letter (as defined in the Wheeler Merger Agreement); and the fifth category of Requested Documents (as limited by Cedar Defendants in their Opposition), all non-privileged portions of Cedar's board minutes between June 3, 2021 and March 1, 2022 that specifically discuss the rights of the Preferred Stockholders in the context of a potential strategic transaction. The Motion will be DENIED as to the third category of Requested Documents, due diligence materials provided to bidders via the online data room referenced in the Definitive Proxy Statement on Schedule 14A filed by Cedar on April 21, 2022 (the "Proxy"); and the fourth category of Requested Documents, materials sufficient to ascertain how Defendants are treating the Proposed Transactions for tax purposes.

Defendants shall PRODUCE to Plaintiffs documents responsive to the first, second, and (as limited) fifth categories of Requested Documents on or before June 15, 2022. Prior to the disclosure of any documents, and not later than June 10, 2022, the parties should FILE a stipulated protective order for the Court's review and signature covering the documents produced to Plaintiffs pursuant to this Order. In addition, Plaintiffs' proposed order containing findings of fact and conclusions of law, previously due on June 10, 2022, is now DUE on or before June 13, 2022.

Finally, as discussed during yesterday's call, Plaintiffs are directed to REFILE the exhibits attached to the Declaration filed at ECF No. 13-2 as separate documents. Plaintiffs shall also SEND the Court a paper copy of their TRO Motion (ECF No. 13) and all exhibits thereto, as well as their Replies in support of the TRO Motion (ECF Nos. 40, 41) and all exhibits thereto, in accordance with Local Rule 105.1(a).

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge