IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID SYDNEY, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CEDAR REALTY TRUST, INC., et. al.,<br><br>*Defendants*. | Case No.: 8:22-cv-1142-GLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY** |

Plaintiffs respectfully submit the following response in opposition to Defendants' Motion for Leave to File a Surreply (Dkt. Nos. 51, 51-3) (the "Surreply").

**ARGUMENT**

The Court should deny Defendants' request to file the Surreply because it advances unsupported contentions that are *ipse dixit*, and are easily discredited or outright false, based on trading in Cedars' Common Stock and Cedar's own filings with the United States Securities & Exchange Commission. *First*, the Surreply asserts that "expert testimony is not required to imagine that" delaying distribution of the proceeds from the Proposed Transactions "would result in an immediate fire sale of the common stock in the public markets as investors try to recoup any value now." Dkt. No. 51-3 at 2. The *ipse dixit* prediction of a precipitous stock drop was previously advanced in the Kranz declaration. (Dkt. No. 30-5 at ¶ 13).

But as demonstrated in Plaintiffs' reply papers, Defendants' "chicken little" prophecies of doom are contradicted by recent trading in Cedar Common Stock, which—far from collapsing— dropped a mere 1.97% on May 20, 2022 (Dkt. No. 40-5), after Cedar made the following disclosures in a Schedule 14A filing with the SEC concerning the risks of an injunction in this lawsuit (the "May 20 Disclosure"):

1

> If the court were to nonetheless grant a preliminary injunction temporarily enjoining the Company's distribution, in whole or in part, of proceeds from the Grocery-Anchored Portfolio Sale to common stockholders and/or consummation of the Company Merger, this is likely to materially adversely affect the ability of the Company to realize the anticipated benefits from the asset-sale and merger transactions, including:
>
> *Risk of Significant Delay Pending Resolution of Legal Proceedings*. A preliminary injunction, if granted by the court, could remain in place for the duration of the period necessary to resolve all of the various claims and allegations made by plaintiffs, which could include a full trial on the merits. ***This could result in a significant delay in fully consummating the anticipated transactions and/or distributing proceeds to common stockholders, which delay could be months or even years***.
>
> *Risk of Reduced Distribution to Stockholders*. If a court ultimately determines that the Company's common stockholders are not entitled to a distribution of transaction proceeds, in whole or in part, unless the Company's preferred stockholders are contemporaneously redeemed or converted, ***then the aggregate amount of transaction proceeds ultimately available for distribution to common stockholders may be materially less than $29.00 per share***.

*See* Dkt. No. 40-4 at 3 of 5 (italics in original; bold italics added).

*Second*, the Surreply contends that an injunction would require a revote or termination of the Proposed Transactions purportedly because the "common stockholders' approval [on May 27, 2022] ***was based on the understanding*** that the common stockholders would receive aggregate net proceeds from the transactions of approximately $29 per share, expected 'by the end of the second quarter of 2022.'" Dkt. No. 51-3 at 2-3 (emphasis added).

That contention—supported by citation to the April 21, 2022 proxy—is false. As demonstrated by the bolded portions of the May 20 Disclosure quoted above, Cedar warned Common Stockholders on May 20, 2020 (a week before the stockholder vote), that an injunction: (i) "could result in ***a significant delay in*** fully consummating the anticipated transactions and/or ***distributing proceeds to common stockholders***, ***which delay could be months or even years***," and

(ii) "*the aggregate amount of transaction proceeds ultimately available for distribution to common stockholders may be materially less than $29.00 per share*."

Despite these warnings, and in full possession of this information, the Common Stockholders voted to approve the Proposed Transactions on May 27, 2022. Dkt. No. 40-3. Thus, if the Court issues an injunction, no revote would be needed, since Common Stockholders voted for the Proposed Transactions knowing that an injunction in this action could substantially delay their receipt of the proceeds, and/or substantially reduce such proceeds. *Cf. In re Altaba, Inc.*, 2022 WL 1133125, at *16 (Del. Ch. Apr. 18, 2022) (stockholders who approved liquidation must wait for distribution to avoid prejudicing the rights of creditors).

For the foregoing reasons, the proposed Surreply is unsupported by any new evidence, and contradicted by other evidence already in the record, and thus leave should be denied. *See Mohlman v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 826049, at *1 (E.D. Mich. Mar. 3, 2016) (referencing denial of leave to file surreply that was unsupported).

Dated:  June 19, 2022                                  Respectfully submitted,

OF COUNSEL:

**WOHL & FRUCHTER LLP**
Joshua E. Fruchter
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773

*Attorneys for Plaintiffs*

*/s/ Donald J Enright*
Donald J. Enright (Bar Number: 13551)
**LEVI & KORSINSKY LLP**
1101 30th Street, NW, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
denright@zlk.com

*Counsel for Plaintiffs and [Proposed] Lead Counsel for Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2022, service required by Fed. R. Civ. P. 5(a) has been made of the foregoing Brief Response to Defendants' Proposed Surreply in Further Opposition to Plaintiffs' Motion for a Preliminary Injunction.

*/s/ Donald J. Enright*
(Bar. No. 13551)