# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID SYDNEY, SWC PHOENIX FUND I, L.P., MARTIN NOVICK, J RENEE BRENNAN LIVING TRUST, SCOTT SCHROEPFER, KENNETH KAMHOLZ, JOE SPEISER, and ELBERT CAPITAL I LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>CEDAR REALTY TRUST, INC., CEDAR REALTY TRUST PARTNERSHIP, L.P., WHEELER REAL ESTATE INVESTMENT TRUST, INC., BRUCE J. SCHANZER, GREGG A. GONSALVES, ABE EISENSTAT, STEVEN G. ROGERS, SABRINA KANNER, DARCY D. MORRIS, RICHARD H. ROSS, and SHARON STERN,<br><br>                Defendants. | Case No. 8:22-cv-1142-GLR |

## THE CEDAR DEFENDANTS' SURREPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ACTIVE/117655684.5
117709\000001\4893-3362-8197.v2

Defendants Cedar Realty Trust, Inc. ("Cedar" or the "Company"), Cedar Realty Partnership, L.P., Bruce J. Schanzer, Gregg A. Gonsalves, Abe Eisenstat, Steven G. Rogers, Sabrina Kanner, Darcy D. Morris, Richard H. Ross, and Sharon Stern[1] respectfully submit this Surreply in Further Opposition to Plaintiffs' Motion for Preliminary Injunction.

In apparent recognition that an order preventing Cedar from closing the Wheeler Merger would cause significant harm to both Cedar and its thousands of stockholders, and thus doom any chance they had to obtain injunctive relief, Plaintiffs abandoned their request for this preliminary relief in their Reply Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction ("Reply"). ECF 40 at 2. For at least two reasons, Plaintiffs' last-minute revision of their requested relief does not change this or save their motion; indeed, their eleventh-hour change in relief only highlights how harmful and draconian the relief they still seek would be.

***First***, Plaintiffs' revised requested preliminary relief would mean that Cedar could not distribute a single penny of the merger consideration to the common stockholders when closing the Wheeler Merger. This would create massive harm to the common stockholders. The merger is structured so that at the time of the merger, all outstanding shares of common stock will be exchanged for a right to receive a pro rata share of the merger consideration. Merger Agreement (Mot. Ex. 5) § 3.1(a); Proxy (Mot. Ex. 27) at 5. If an injunction prohibits Cedar from distributing the merger consideration, the common stockholders will trade their common stock for nothing more than the right to receive a distribution some day in the future when the litigation is resolved. This would put the common stockholders in an even worse situation than an order enjoining the merger altogether. Under Plaintiffs' first proposed injunction, the common stockholders would be

---

[1] All capitalized terms have the same meaning as in the Cedar Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF 30 (the "Cedar Opposition" or "Cedar Opp.").

1

harmed significantly by remaining invested in a lame duck company facing potentially existential tax issues if disqualified as a REIT, but they would at least retain ownership of stock that had some, albeit drastically reduced, value. *See* Cedar Opp. at 33-34. Under Plaintiffs' revised request, Cedar's common stockholders would be left with nothing but an IOU payable upon some uncertain date following the resolution of this litigation potentially several years down the road. Expert testimony is not required to imagine that this would result in an immediate fire sale of the common stock in the public markets as investors try to recoup any value now.

**Second**, Plaintiffs' requested injunctive relief would be a bar to closing **both** the Grocery-Anchored Portfolio Sale and the Wheeler Merger in a fundamental way: the injunction changes the terms of the transactions that the common stockholders overwhelmingly approved at the May 27, 2022 special meeting in such a material way that Cedar could not proceed with the transactions consistent with its obligations under Maryland law. *See* Md. Code Ann., Corps. & Ass'ns § 3-105. The common stockholders' approval was based on the understanding that the common stockholders would receive aggregate net proceeds from the transactions of approximately $29 per share, expected "by the end of the second quarter of 2022." Proxy (Mot. Ex. 27) at 5. Plaintiffs' requested injunctive relief would drastically alter the parameters of the transactions in the sense that common stockholders would now not receive the promised payment until after the final resolution of the litigation, potentially years in the future, and possibly at a materially lower amount. While the Proxy contains customary cautionary language about the possibility of net proceeds being slightly higher or lower, or about the possibility of closing occurring as late as August 2022 (the outside closing date for the Wheeler Merger), common stockholders were not asked to approve, and did not approve, an open-ended transaction timeline whereby common stockholders could receive something substantially less and substantially later than what they

ACTIVE/117655684.5
117709\000001\4893-3362-8197.v2

overwhelmingly approved weeks ago. Thus, Cedar simply does not have the stockholder approval required under Maryland law to proceed with the escrowed transactions proposed here by Plaintiffs. And there is also no way that Cedar could obtain that stockholder approval—a condition to closing both transactions—before the outside closing dates of July 30, 2022 for the Grocery-Anchored Portfolio Sale and August 30, 2022 for the Wheeler Merger. *Id.* at 5.[2] Unable to proceed, Cedar would be forced to terminate the agreements. If the asset sale and merger were to be terminated, it is highly unlikely that Cedar could negotiate alternative transactions that would approach the 70.6% premium these transactions provide to the common stockholders, given the changing market conditions since these transactions were negotiated. *See* Cedar Opp. at 34-35. At the same time, Cedar could face litigation from both transaction parties related to the termination of the agreements and from common stockholders for losing this incredibly lucrative deal. For all these reasons, preliminary injunctions inflict significant hardship and uncertainty when they jeopardize the closing of corporate transactions expected to generate significant value. *See id.* at 32. Plaintiffs concede through their revised request that enjoining the Wheeler Merger would impose such significant burdens that a preliminary injunction should not issue, and their revised request for preliminary relief does nothing to reduce those burdens.

      For the reasons stated in the Cedar Opposition and this Surreply in further support thereof, Plaintiffs' Motion for Preliminary Injunction as revised should be denied.

---

[2] Even if common stockholders would be inclined to approve such a materially revised transaction, a second stockholder vote would likely take at least 7 weeks inclusive of filing a preliminary proxy, receiving SEC comments, filing a definitive proxy, and soliciting the vote. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, ECF 19, at 12-13, filed in *Kim v. Cedar Realty, Trust, Inc., et al.*, 1:22-cv-01103-GLR.

Dated: June 17, 2022          By:    */s/ William M. Krulak, Jr.*

    William M. Krulak, Jr. (Fed. Bar No. 26452)
    Megan J. McGinnis (Fed. Bar No. 12810)
    MILES & STOCKBRIDGE P.C.
    100 Light Street
    Baltimore, Maryland 21202
    T/F: 410-385-3727
    wkrulak@milesstockbridge.com
    mmcginnis@milesstockbridge.com

    Joshua R. Chazen (Fed. Bar No. 06837)
    MILES & STOCKBRIDGE P.C.
    11 North Washington Street
    Rockville, Maryland 20850
    T/F: 202-465-8388
    jchazen@milesstockbridge.com

    Douglas H. Flaum (admitted *pro hac vice*)
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, NY 10018-1405
    Telephone: (212) 813-8800
    Facsimile: (212) 355-3333
    dflaum@goodwinlaw.com

    Jennifer Burns Luz (admitted *pro hac vice*)
    GOODWIN PROCTER LLP
    100 Northern Avenue
    Boston, MA 02210
    Telephone: (617) 570-1000
    Facsimile: (617) 523-1231
    jluz@goodwinlaw.com

    *Counsel for Defendants Cedar Realty Trust, Inc., Cedar Realty Trust Partnership, L.P., Bruce J. Schanzer, Gregg A. Gonsalves, Abe Eisenstat, Steven G. Rogers, Sabrina Kanner, Darcy D. Morris, Richard H. Ross, and Sharon Stern*